# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA,<br><br>                Plaintiff,<br><br>    v.<br><br>WILLIAM B. CUDDEBACK; LOU G. CUDDEBACK; INTERSTATE GROUP LLC,<br><br>                Defendants. | Case No. 16-cv-02746-BAS-KSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS STATE LAW CLAIM [ECF No. 5]** |

On November 07, 2016, Plaintiff Scott Schutza commenced this civil action against Defendants William Cuddeback, Lou Cuddeback, and Interstate Group, LLC ("Defendants") alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and California's Unruh Civil Rights Act §§ 51–53 ("Unruh Act"). Defendants now move to dismiss the state law claim for lack of subject matter jurisdiction under 28 U.S.C. § 1367. Plaintiff has not opposed.[1]

---

[1] The Court would be within its discretion to grant Defendants' motion to dismiss based on Plaintiff's failure to file an opposition. *See* CivLR 7.1(f)(3)(c) ("If an opposing party fails to file the papers in the

1

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); CivLR 7.1(d)(1). For the following reasons, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's state law claim.[2] (ECF No. 5.)

## I. BACKGROUND

Plaintiff Scott Schutza is a paraplegic who uses a wheelchair for mobility. (Compl. ¶ 1.) Defendants own the real property known as "TrailersPlus" located at or about 12024 Woodside Avenue, Lakeside, California. (*Id.* ¶¶ 2–5.)

In February 2016, Plaintiff went to TrailersPlus in search of a trailer. (*Id.* ¶ 10.) However, as a result of his physical disabilities, Plaintiff alleges he was unable to access or use the property because of various access barriers, including barriers in the parking lot, at the entrance door, in the establishment itself, and in the restroom area. (*Id.* ¶¶ 22–27.) Plaintiff contends that he personally encountered said problems, and consequently, was denied full and equal access of the property. (*Id.* ¶ 28.)

On November 7, 2016, Plaintiff sued Defendants for violations of the ADA and the Unruh Act. Plaintiff seeks monetary damages under the Unruh Act and injunctive relief under the ADA. (Compl. 9:18–25.)

On December 1, 2016, Defendants filed a motion to dismiss Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(c). Defendants primarily contend that: (1) Plaintiff's state law claim raises novel and complex issues of state law due to California's recent adoption of pleading requirements for disability discrimination lawsuits; (2) the state law claim substantially predominates over the federal law claim because Plaintiff is seeking statutory damages only available under California law; and (3) Plaintiff is engaging in

---

manner required by [the Local Rules], that failure may constitute a consent to the granting of a motion or other request for ruling by the court."); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). However, in this case, the Court will proceed to the merits.

[2] The Court retains jurisdiction over the ADA claim.

forum shopping. (EFC No. 5.)

## II. LEGAL STANDARD

The federal supplemental jurisdiction statute provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Supplemental jurisdiction is mandatory unless prohibited by § 1367(b), or unless one of the exceptions in § 1367(c) applies. Under § 1367(c), a district court may decline supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Underlying the § 1367(c) inquiry are considerations of judicial economy, convenience and fairness to litigants, and comity. "[I]f these are not present a federal court should hesitate to exercise jurisdiction over state law claims[.]" *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Under § 1367(c), "a district court can decline jurisdiction under any one of [the statute's] four provisions." *San Pedro Hotel Co. v. City of L.A.*, 159 F.3d 470, 478 (9th Cir. 1998). When a district court declines supplemental jurisdiction over a state law claim pursuant to one of the first three provisions of the statute—that is, §§ 1367(c)(1)–(3)—the court need not state its reasons for dismissal. *Id.* However, when the court declines supplemental jurisdiction pursuant to the statute's "exceptional circumstances" provision—that is, § 1367(c)(4)—the court must "articulate why the circumstances of the case are exceptional," and consider whether values of judicial economy, convenience,

fairness, and comity provide compelling reasons for declining jurisdiction. *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1552 (9th Cir. 1994).

## III. DISCUSSION

### A. The ADA

The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A sales or rental establishment is a "public accommodation" for purposes of the ADA. 42 U.S.C. § 12181(7)(E).

To prevail on a claim under the ADA, a plaintiff must prove that (1) he or she has a disability; (2) the defendant operates, leases, or owns a place of public accommodation; and (3) the plaintiff was denied appropriate accommodations by the defendant because of his or her disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). "[A] plaintiff need not show intentional discrimination in order to make out a violation of the ADA." *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 846 (9th Cir. 2004). Under the ADA, "damages are not recoverable . . . only injunctive relief is available." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1)).

### B. The Unruh Act

The Unruh Act provides in part that "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act also provides that a violation of the federal ADA constitutes a violation of § 51 of the Unruh Act. Cal. Civ. Code § 51(f).

As a general matter, a claim under the Unruh Act requires a plaintiff to allege an intentional act or omission on behalf of defendant. *See Org. for the Advancement of Minorities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1129 (S.D. Cal. 2005). Thus, "[a]

violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads 'intentional discrimination in public accommodations in violation of the terms of the [Unruh] Act.'" *Schutza v. McDonald's Corp.*, 133 F. Supp. 3d 1241, 1247 (S.D. Cal. 2015) (citations omitted). However, a showing of intentional discrimination is not required where a plaintiff brings an Unruh Act claim on the grounds that a defendant has violated the ADA. *See Munson v. Del Taco, Inc.*, 208 P.3d 623, 628–29 (Cal. 2009); *see also Lentini*, 370 F.3d at 847 ("[N]o showing of intentional discrimination is required where the Unruh Act violation is premised on an ADA violation.").

Unlike the ADA, the Unruh Act allows for recovery of monetary damages. A plaintiff may recover actual damages for each and every offense "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)[.]" Cal. Civ. Code § 52(a). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski*, 481 F.3d at 731 (citing *Botosan v. Paul McNally Realty*, 216 F.3d 827, 836 (9th Cir. 2000)).

## IV. ANALYSIS

### A. Plaintiff's State Law Claim Substantially Predominates

Defendants argue that Plaintiff's state law claim substantially predominates over his ADA claim under § 1367(c)(2). The Court agrees for two main reasons.

First, when considering the number of violations alleged by Plaintiff, the total amount of damages available to him under the Unruh Act—a minimum of $4,000 for each offense—indicates that Plaintiff's predominant focus is recovering monetary damages under state law. At a minimum, Plaintiff alleges the following nine individual violations: (1) the raised threshold at the entrance door is greater than the permitted threshold for the type of door; (2) the entrance is inaccessible to Plaintiff; (3) parking is inaccessible to Plaintiff; (4) there are no parking spaces designed and reserved for persons with disabilities; (5) there is no lowered portion of transaction counters for persons in wheelchairs; (6) the restroom doorway clear passage is inaccessible to Plaintiff; (7) the restroom does not have grab bars for use by persons with disabilities; (8) the sink lacks

knee clearance for wheelchair use; and (9) the restroom mirror is mounted higher than the maximum permitted. (Compl. ¶¶ 13–27.) These nine allegations, if proven, would entitle Plaintiff to a minimum monetary award of $36,000. In contrast, under the ADA, Plaintiff would only be entitled to injunctive relief. Thus, under the circumstances presented, the Court finds that the monetary damages sought by Plaintiff under the Unruh Act substantially predominate over federal injunctive relief. *See Brick Oven Rest.*, 406 F. Supp. 2d at 1131 (finding that statutory damages available under the Unruh Act substantially predominated over injunctive relief available under the ADA where the plaintiff alleged distinct violations that, if proven, would entitle him to an award of $56,000); *see also Molski v. Hitching Post I Rest., Inc.*, No. CV 04-1077SVWRNBX, 2005 WL 3952248, at *7 (C.D. Cal. May 25, 2005) (finding that statutory damages available under the Unruh Act substantially predominated over injunctive relief available under the ADA where the plaintiff alleged 13 allegations that, if proven, would entitle plaintiff to an award of $52,000).

Second, Plaintiff places intentionality at the heart of his claims for relief (*see* Compl. ¶ 35), which when combined with the amount of monetary relief sought, strongly suggests the Unruh Act claim substantially predominates. As the Court noted earlier, intentional discrimination is unnecessary to establish a violation under the ADA. However, intentionality is relevant to Plaintiff's state law claim because it allows Plaintiff to maintain an independent action under the Unruh Act. *See Earll v. eBay, Inc.*, No. 5:11-CV-00262-JF HRL, 2011 WL 3955485, at *3 (N.D. Cal. Sept. 7, 2011) ("A violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads intentional discrimination in public accommodations in violation of the terms of the Act."). Furthermore, resolving the issue of intentional discrimination "entails application of state-law standards." *Schutza*, 133 F. Supp. 3d at 1247 (finding that plaintiff's allegations of intentional discrimination was one of the main reasons why plaintiff's state law claims substantially predominated over his ADA claim). Thus, Plaintiff's allegation of intentional discrimination bolsters the conclusion that his Unruh Act claim substantially predominates

6

16cv2746

over his ADA claim.

In sum, the Court finds that Plaintiff's state law claim under the Unruh Act substantially predominates over his federal claim under the ADA.

**B. There Are Exceptional Circumstances Supported by Compelling Reasons for Declining Supplemental Jurisdiction**

In considering values of judicial economy, convenience, fairness, and comity, the Court finds compelling reasons for declining supplemental jurisdiction in this case. *See Exec. Software N. Am., Inc.*, 24 F.3d at 1557.

In 2012, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act, including provisions requiring high-frequency litigants to verify and specify their allegations. *See* Cal. Code Civ. Proc. § 425.50.[3] The purpose of these heightened pleading requirements is to deter baseless claims and vexatious litigation. *See e.g.*, SB 1186, Chapter 383 § 24 (Ca. 2012).

The Court notes that Plaintiff Schutza has filed over one hundred cases in this and other courts alleging disability discrimination.[4] As a high-frequency litigant primarily seeking relief under state law, the Court finds it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements. Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim. *See Cross v. Pac. Coast Plaza Invs., L.P.*, No. 06 CV 2543 JM RBB, 2007 WL 951772, at *5 (S.D. Cal. Mar. 6, 2007) (declining to exercise supplemental jurisdiction over plaintiff's Unruh Act claims in the interest of comity and noting this

---

[3] A plaintiff alleging disability discrimination under the Unruh Act must: (1) explain the specific access barrier(s) encountered; (2) how the barrier(s) denied full and equal access on each particular occasion; and (3) the specific date of each particular occasion. Additionally, except for complaints that allege injury or damage, a complaint filed by or on behalf of a high-frequency litigant must state the number of claims the plaintiff has filed in the previous 12 months and the reason and purpose for the plaintiff's desire to access the defendant's business. *See* Cal. Code Civ. Proc. § 425.50.

[4] According to PACER, Plaintiff Scott Schutza is a plaintiff in 127 cases as of March 27, 2017.

7

16cv2746

interest has become more compelling "as the courts struggle to resolve what is at the moment an irreconcilable tension between the ADA and the Unruh Act"); *Hitching Post I Rest.*, 2005 WL 3952248 at *8–9 (finding comity to be a compelling reason for declining supplemental jurisdiction over state claims on the ground that California courts should have the ability to interpret state disability laws).

Finally, and relatedly, the Court agrees with Defendants' contention that Plaintiff is engaging in forum-shopping by bringing his action in federal court and attempting to avoid California's heightened pleading requirements for disability discrimination claims. It is unclear what advantage—other than avoiding state-imposed pleading requirements—Plaintiff gains by being in federal court since his sole remedy under the ADA is injunctive relief, which is also available under the Unruh Act. Federal courts may properly take measures to discourage forum-shopping, *see, e.g.*, *Hanna v. Plumer*, 380 U.S. 460, 467–68 (1965), and here, where Plaintiff has filed over one hundred disability discrimination cases, and settled more than fifty of them in a two-year period,[5] the Court finds this to be a compelling reason to decline supplemental jurisdiction. *See, e.g.*, *Brick Oven Rest.*, 406 F. Supp. 2d at 1132 ("Because a legitimate function of the federal courts is to discourage forum shopping and California courts should interpret California law . . . compelling reasons exist to decline supplemental jurisdiction over plaintiff's state law claims.").

## V. CONCLUSION

For the foregoing reasons, the Court finds that (1) Plaintiff's state law claim under the Unruh Act substantially predominates over his federal claim under the ADA, and (2) there are otherwise exceptional circumstances—including comity and this Court's interest in discouraging forum-shopping—for declining supplemental jurisdiction over the Unruh Act claim. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's state law claim under 28 U.S.C § 1367(c). (ECF No. 5.) The Court retains jurisdiction over the ADA claim. Defendants shall file an answer or otherwise respond to the ADA claim no

---

[5] According to PACER, Plaintiff has settled 56 disability cases since 2015.

later than **April 24, 2017**.

   IT IS SO ORDERED.

DATED: April 10, 2017

*[signature]*
Hon. Cynthia Bashant
United States District Judge